

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CATREESA BOOKMAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No.: 3:06-CV-0632-M |
| § | |
| ROYAL AMBULANCE SERVICES, INC., § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss of Defendant Royal Ambulance Services, Inc. ("Defendant" or "Royal Ambulance"), asserting that, pursuant to Fed. R. Civ. P. 12(b)(4), (5), and (6), the claims of Plaintiff Catreesa Bookman should be dismissed because of insufficient and defective service of process, as well as Plaintiff's failure to state a claim.

### Background

Plaintiff interviewed for and accepted a position as an ambulance dispatcher for Defendant, beginning on or about December 14, 2004. Plaintiff alleges that beginning almost immediately, she was subjected to harassment by her supervisor Shaun Outen ("Outen"). Plaintiff's Complaint details a number of alleged encounters with Outen, in which he allegedly made remarks of a sexual nature. *See, e.g.*, Pl. Compl. ¶¶8, 9. Plaintiff claims that Outen's behavior terrified her, that Outen told her he "already had a sexual harassment case", and that he said to her, "You know, I've never slept with a black girl before". Plaintiff says she terminated

1

the latter conversation and left the office, and that another supervisor, David, assured her that Outen would not be present during her next shift. To the contrary, Outen was present and Plaintiff and Outen had a confrontation, after which Plaintiff left the office. Plaintiff says she attempted to contact Royal Ambulance's owner, Usman, and advised David that what had happened to her was wrong. The next day, David and Outen called Plaintiff and advised her that they were treating her departure from work the day before as her resignation.

## Service of Process

Since Defendant is a domestic corporation, service of process on it is governed by Fed. R. Civ. P. 4(h)(1), which allows for service to be effected by delivering a summons and a copy of the Complaint to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law." Rule 4(h)(1) also allows service to be effectuated under Rule 4(e)(1), which provides that service may be made "pursuant to the law of the state in which the district court is located". Fed. R. Civ. P. 4(e). In Texas, the president, vice-president, and registered agent of a corporation are agents of that corporation upon whom process may be served. Tex. Bus. Corp. Act Ann. Art. 2.11(A)(Vernon Supp. 2002). Texas requires "strict compliance with the rules relating to service of citation." Malone v. Williams Fried Chicken, 1999 U.S. Dist. LEXIS 6639, *4-5 (N.D. Tex. 1999)(Fitzwater, J.)(citation omitted).

It is undisputed that (1) Defendant's registered agent for service of process is Portia Ughulu ("Ughulu"); (2) Plaintiff's hired process server, James Harris, ("Harris") served process directed to Defendant on Charles Doit Lee ("Lee") on April 20, 2006; and (3) Lee is not a president, vice-president, corporate officer, or registered agent of Defendant. Plaintiff implicitly

acknowledges in her Response that Lee is not an agent of Defendant upon whom process may be served. Plaintiff argues, however, that the face of the "Return of Service," Exhibit B to Plaintiff's Response, indicates that service was made "by delivering to [Defendant] by delivering to its registered agent Portia Ughulu by delivering to her Director of Operations Doit Lee." Pl. Br. at 2. Thus, Plaintiff argues, Lee must have given Harris the impression that Lee was authorized to receive service on behalf of Ughulu, Defendant's registered agent. Defendant submits to the Court the affidavit of Lee, signed on May 9, 2006, in which Lee states that, while a process server handed the summons and Complaint in this case to Lee on April 20, 2006, the process server did not indicate that the documents were to be delivered to Ughulu or to any other person.

In her Supplemental Brief, Plaintiff asserts that, by certified letter dated May 22, 2006, Plaintiff asked Defendant to waive service. Defendant signed for the letter, but did not date the receipt, and has not responded to Plaintiff's subsequent phone and voice mail messages concerning the waiver.

Because Plaintiff did not strictly comply with the rules relating to service of citation, under either Rule 4(h) or 4(e), the Court need not determine whether Harris did indicate to Lee that the summons and Complaint were intended for Ughulu. Service of process in this case was insufficient as a matter of law. However, that conclusion does not mean that the Court must dismiss this case. Pursuant to Rule 4(m), a plaintiff must serve the defendant within 120 days of the filing of her Complaint. However, if service is not effected within that time period, the Court is to extend the time for service "for an appropriate period" if the plaintiff shows good cause for the failure to effect service. Fed. R. Civ. P. 4(m).

It is the Court's view that some apparent confusion about whether Lee was authorized to accept service for Ughulu and Defendant's failure to return the waiver or calls about it, constitute good cause for an extension of the time for Plaintiff to serve Defendant properly. As a result, the Court will extend the time for service to September 15, 2006. Should Plaintiff again request Defendant's waiver of service, and Defendant refuse to give such a waiver, Defendant may be required to pay Plaintiff's costs incurred in effecting service, pursuant to Fed. R. Civ. P. 4(d)(2).

### Failure to State a Claim

For purposes of this 12(b)(6) Motion to Dismiss, the allegations in Plaintiff's Complaint must be accepted as true and construed in the light most favorable to Plaintiff. A Motion under Rule 12(b)(6) tests the legal sufficiency of claims stated in the Complaint and must be evaluated solely on the pleadings. The Court decides here only whether material facts alleged by Plaintiff would, if proved, entitle Plaintiff to relief. Unless Plaintiff has failed to allege any set of facts that would entitle her to the relief requested, Defendant's Motion under Rule 12(b)(6) must be denied. Plaintiff bears only the burden of setting forth in her Complaint a plain and brief statement of her claim, pursuant to Fed. R. Civ. P. 8(a)(2). *See* Donaldson v. Osram Sylvania Prods., 2002 U.S. Dist. LEXIS 12754, *2 (N.D. Tex. 2002)(Lynn, J.).

*Retaliation Claim*

The Court applies the modified McDonnell Douglas approach to claims of retaliation based on Title VII. *See* Richardson v. Monitronics Int'l, 434 F.3d 327, 334 (5th Cir. 2005)

4

(citing Rachid v. Jack in the Box, Inc., 376 F.3d 305, 310-12 (5th Cir. 2004)); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-46 (1973). Under this regime:

> The plaintiff must still demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, "the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiffs protected characteristic (mixed-motive alternative). Rachid, 376 F.3d at 312.

To establish a prima facie case, Plaintiff must show (1) that she engaged in protected activity; (2) that she was subjected to an action that a reasonable employee would have found materially adverse; and (3) a causal link existed between the protected activity and the alleged retaliation. Burlington Northern & Santa Fe Ry. v. White, 126 S. Ct. 2405 (2006).

However, this prima facie case is an evidentiary standard, not a pleading requirement. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002). Thus, for purposes of this Motion, Plaintiff's Complaint need not contain specific facts establishing a prima facie case, and "instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 508 (citing Fed. R. Civ. P. 8(a)(2)). Plaintiff has plainly alleged that she was subjected to sexual harassment by Outen, and that Plaintiff's response to Outen's harassment prompted her termination from her position as a dispatcher. The pleading is legally sufficient to state a claim. Accordingly, with respect to Plaintiff's retaliation claim, Defendant's Motion is **DENIED**.

*Sexual Harassment Claim*

In Casiano v. AT&T Corp., 213 F.3d 278, 288 (5th Cir. 2000), the Fifth Circuit provided a roadmap for analysis of supervisor sexual harassment claims. First, a court determines whether the complaining employee suffered a "tangible employment action." Id.; Wyatt v. Hunt Plywood Co., 297 F.3d 405, 409 (5th Cir. 2002). If she has, the claim can be classified as a "*quid pro quo*" case; if she has not, the claim can be classified as a "hostile environment" case. Wyatt, 297 F.3d at 409; *but cf.* Rogers v. Am. Heritage Life Ins. Co., 3:04-CV-0367-B, 2005 U.S. Dist. LEXIS 33849, at *11 (N.D. Tex. Apr. 28, 2005) (Boyle, J.) ("Despite the Supreme Court's statement that the *quid pro quo* and hostile environment rubrics are of 'limited utility', courts continue to use them."). In a *quid pro quo* suit, proof that a tangible employment action resulted from a supervisor's sexual harassment renders the employer vicariously liable. Wyatt, 297 F.3d at 409. In a hostile environment case, however, the next inquiry is whether the supervisor's actions constituted severe or pervasive sexual harassment. Id. If the conduct was not severe or pervasive, the employer is not vicariously liable for the supervisor's actions; if the conduct was severe and pervasive, the employer is vicariously liable unless the employer can establish both prongs of the Ellerth/Faragher affirmative defense. Id.

As explained above, Plaintiff's pleading burden as to any of her Title VII claims is governed by Rule 8(a)(2). Swierkiewicz at 510. The Complaint contains a short and plain statement that Plaintiff was subjected to severe or pervasive sexual harassment. *See, e.g.*, Pl. Compl. ¶¶8, 9, 12, 21. In the Court's view, the Complaint contains sufficient allegations to provide Defendant with notice of the general basis upon which Plaintiff seeks relief. Plaintiff has, therefore, met her Rule 8(a)(2) pleading burden and, with respect to Plaintiff's claim of

sexual harassment, Defendant's Motion is **DENIED**.

*Race Discrimination Claim*

To establish a prima facie case for a Title VII violation based on race discrimination creating a hostile work environment, Plaintiff must prove that (1) she belongs to a protected class, (2) she was subject to unwelcome harassment, (3) the harassment complained of was based on race, (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.  Ramsey v. Henderson, 286 F.3d 264, 268 (5th Cir. 2002).

While Plaintiff need not set forth specific facts establishing a prima facie race discrimination claim, her Complaint is devoid of a short, plain statement of race discrimination. Plaintiff is hereby granted leave to amend her Complaint so as to bring her claim of race discrimination in compliance with Rule 8(a)(2).  Failure to do so by September 15, 2006 will result in the dismissal of Plaintiff's race discrimination claim.

**SO ORDERED.**

DATED: August 16, 2006.

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE