IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATREESA BOOKMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 3:06-CV-0632-M |
| | § | |
| ROYAL AMBULANCE SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for Summary Judgment of Plaintiff Catreesa Bookman on her claims of gender and race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, against Defendant Royal Ambulance Services, Inc. ("Defendant" or "Royal Ambulance"). Having considered the Motion, pleadings, and applicable law, the Court is of the opinion that the Motion should be **GRANTED** in part on the harassment claims and **GRANTED** in part on the retaliation claims.

Background

Plaintiff interviewed for and accepted a position as an ambulance dispatcher for Defendant, beginning on or about December 14, 2004. Plaintiff alleges that beginning almost immediately, she was subjected to harassment by her supervisor, Shaun Outen ("Outen"). Plaintiff's Affidavit details a number of alleged encounters with Outen, in which he allegedly made remarks to her of a sexual nature. According to Plaintiff, on one occasion Outen called her

1

into his office, where the lights were off, and asked her to close the door. He asked her, "Catreesa, do you know why we hired you?" Plaintiff responded that she thought they hired her because she was a medical assistant. Instead, Outen said that she had been hired because he and David, another supervisor, thought she was a "freak." Outen then said, "Why don't you come over here and suck my dick?" Outen then got up and walked around his desk to approach Plaintiff, which scared her, so she fled from his office. Outen later called Plaintiff and apologized, explaining that he and David had made a bet about whether he could get Plaintiff "naked." He explained that what he had done was stupid, and that he already had a sexual harassment case and did not need another one.

Plaintiff claims that on another occasion, Outen called her and whispered, "Catreesa, Catreesa, Catreesa" repeatedly. He then said, "You know, I've never slept with a black girl before." Plaintiff says she was repulsed and scared, so she hung up and left the office. David called Plaintiff and assured her that Outen would not be present during her next shift. To the contrary, when she arrived at work for her next shift, on January 2, 2005, Outen was present, and Plaintiff confronted him, telling him she had understood that David would be working that shift, and that she was going to leave if he was working as her supervisor. Outen responded that it was his office, that he ran the place, and that Plaintiff was going to lose her job.

Plaintiff went home scared and called the police. While the officer was at her home, she called the office and spoke with David. David called her back later and asked exactly what had happened so he could "cover his ass." Plaintiff told David what had happened to her. The next day, January 3, 2005, David and Outen called Plaintiff and advised her that because she left early on January 2, they were treating her departure as her resignation, and she did not need to return to

work.

Defendant counsel's Motion to Withdraw was granted on September 27, 2007 after Defendant's representatives, Usman and McNac, failed and refused to communicate with their counsel despite counsel's repeated attempts to reach them. Since the withdrawal, the Defendant has failed to apprise the Court of its address. As a corporation, Defendant may not appear *pro se* in this action. *Southwest Express Co. v. Interstate Commerce Com.*, 670 F.2d 53, 55 (5th Cir. 1982).

Plaintiff filed this Motion for Summary Judgment on September 21, 2007, and Defendant failed to file a timely response. "[A] motion for summary judgment cannot be granted simply because there is no opposition," so this Court must still determine whether summary judgment is warranted. *Ford-Evans v. Smith*, 206 Fed. Appx. 332, 334 (5th Cir. 2006)(internal quotations and citations omitted).

<u>Analysis</u>

***Summary Judgment Standard***

Summary judgment is warranted when the facts and law, as reflected in the pleadings, affidavits, and other summary judgment evidence, show that no reasonable trier of fact could find for the nonmoving party as to any material fact. *See* FED. R. CIV. P. 56; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements

of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322–25). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts that prove the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch Props.*, 140 F.3d at 625; *See also Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005). "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991).

*Discrimination Claims*

Section 703(a) of Title VII forbids "an employer. . . (1) to fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's race [or] . . . sex." 42 U.S.C. § 2000e-2(a)(1). Harassment can be a form of discrimination in violation of Title VII. *See Burlington Indus. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). The Fifth Circuit and the Supreme Court have created a road map for analyzing whether an employer has violated Title VII through the harassing acts

4

of its employees. *Casiano v. AT&T Corp.*, 213 F.3d 278, 283 (5th Cir. 2000) (citing *Burlington Indus.*, 524 U.S. 742 and *Faragher*, 524 U.S. 775). The threshold question is whether the plaintiff employee suffered a "tangible employment action." *Id.* A tangible employment action is "a significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus.*, 524 U.S. at 761. Plaintiff's allegation of termination satisfies the tangible employment action requirement, and there is no factual dispute that Plaintiff was terminated from her position as a dispatcher.[1]

If a tangible employment action occurred, the employee must next show causation. In other words, "proof that a tangible employment action did result from the employee's acceptance or rejection of sexual harassment by his supervisor makes the employer vicariously liable, ipso facto." *Casiano*, 213 F.3d at 283-284. Outen made objectively offensive sexual remarks to Plaintiff, including at least one comment that was race-based. Those comments, suggestions, and actions constitute actionable harassment that was severe and pervasive. Plaintiff rejected Outen's advances and sexual requests by fleeing his office and leaving the workplace when she was harassed by Outen. She was told not to come back to work directly as a result of that action. Thus, her termination resulted from her rejection of Outen's harassment. Because no genuine

---

[1] Defendant's First Amended Answer "admits that David spoke to Plaintiff on January 3, 2005, but denies the rest of the allegations in this paragraph." It is unclear from this Answer which of the facts of Paragraph 18 of the Amended Complaint the Defendant denies. The paragraph of the Amended Complaint alleges that David called Plaintiff, as well as particulars of their conversation, including that Mr. Outen was with him and that because Plaintiff left work early the day before, they were treating the situation as her resignation. The paragraph also alleges that neither David nor Mr. Outen were ever told that Plaintiff intended to quit. The Court refuses to create a factual hypothetical, such as "the Plaintiff resigned and was not terminated," when no facts establishing same are before the Court.

issues of material fact exist, this Court **GRANTS** partial summary judgment on Plaintiff's harassment claims.

*Retaliation Claims*

This Court applies the modified *McDonnell Douglas* approach to claims of retaliation based on Title VII. *See Richardson v. Monitronics Int'l*, 434 F.3d 327, 334 (5th Cir. 2005) (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 310-12 (5th Cir. 2004)); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-46 (1973). Under this regime:

> The plaintiff must still demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, "the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiffs protected characteristic (mixed-motive alternative). <u>Rachid</u>, 376 F.3d at 312.

To establish a prima facie case of employment retaliation, Plaintiff must show (1) that she engaged in protected activity; (2) that she was subjected to an action that a reasonable employee would have found materially adverse; and (3) a causal link existed between the protected activity and the alleged retaliation. *Burlington Northern & Santa Fe Ry. v. White*, 126 S. Ct. 2405 (2006). Plaintiff has plainly alleged that she was subjected to harassment by Outen on the basis of her race and gender, and that Plaintiff's response to Outen's harassment prompted her termination from her position as a dispatcher. The Defendant has not addressed Plaintiff's evidence of harassment, nor has the Defendant disputed Plaintiff's termination as a factual matter. Thus, the Plaintiff has established a prima facie case of retaliatory firing. The burden is

on Defendant to articulate a legitimate, non-discriminatory reason for its decision to terminate the Plaintiff.

In its First Amended Answer, Defendant pleaded that "employment actions, if any, taken with respect to Plaintiff were for cause and/or based on neutral, nondiscriminatory and/or non-retaliatory reasons, including the legitimate exercise of managerial discretion and legitimate business needs." Even construing this denial in the light most favorable to the Defendant, it lacks any designation of specific facts that would prove the existence of a genuine issue of material fact. *See Matsushita*, 475 U.S. at 587. Claiming that the reasons for Plaintiff's termination were "nondiscriminatory and/or non-retaliatory" is not a sufficient articulation of what those reasons were or whether cause existed. Thus, Defendant has not proffered any non-discriminatory or non-retaliatory reason for Plaintiff's termination in response to Plaintiff's evidence. Defendant has not established or alleged any facts that would merit a denial of summary judgment on retaliation. Accordingly, with respect to Plaintiff's claims of gender and race discrimination and retaliation, Plaintiff's Motion for Summary Judgment is **GRANTED** on liability.

Damages

Plaintiff has not presented any evidence on the issue of damages. The Court reserves judgment on damages until presentation of evidence at a hearing to be held on November 9, 2007 at 9 a.m. in Courtroom 1570, Earle Cabell Federal Building, 1100 Commerce St., Dallas, Texas 75242.

**SO ORDERED.**

**DATED**: November 2, 2007.

_____
**BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**